# EXHIBIT A

**E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
21-A-05293-10
7/8/2021 4:11 PM
TIANA P. GARNER, CLERK**

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Sara Khan**

_____

_____

PLAINTIFF

CIVIL ACTION NUMBER: **21-A-05293-10**

VS.

**Waheed Malik DDS, MS**

_____

_____

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Mari L. Myer
The Myer Law Firm
125 East Trinity Place, Suite 308, Decatur, GA  30030
mmyer@myerlawatlanta.com, 404-601-4125**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **08** day of **JULY**, 20 **21**.

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-05293-10**
**7/8/2021 4:11 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Sara Khan**

                                                                    **21-A-05293-10**
CIVIL ACTION
NUMBER: _____

PLAINTIFF

VS.

**Progressive Endodontics GA, PC**

DEFENDANT

# SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Mari L. Myer
The Myer Law Firm
125 East Trinity Place, Suite 308, Decatur, GA  30030
mmyer@myerlawatlanta.com, 404-601-4125**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **08** day of **JULY**, 20**21**.

Tiana P. Garner
Clerk of Superior Court

By _____
Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Case 1:21-cv-03191-CAP-JSA Document 1-1 Filed 08/06/21 Page 4 of 17

E-FILED IN OFFICE - NV
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-05293-10**
7/8/2021 4:11 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SARA KHAN, DMD, | § § | |
| Plaintiff, | § § | CIVIL ACTION FILE NO. |
| v. | § § | **21-A-05293-10** |
| PROGRESSIVE ENDODONTICS GA, PC and WAHEED MALIK, DDS, MS, | § § § | |
| Defendants. | § § § | |

**COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT AND EQUAL PAY ACT, RETALIATION, AND QUANTUM MERUIT**

**COMES NOW** Sara Khan, Plaintiff in the above-styled action, and files this Complaint under the Fair Labor Standards Act and the Equal Pay Act and for *quantum meruit* damages.

**PARTIES, JURISDICTION AND VENUE**

**1.**

Plaintiff Sara Khan, DMD is an individual resident of DeKalb County, Georgia.

**2.**

Defendant Progressive Endodontics GA, PC ("PE") is a Georgia professional corporation with principal offices based in Gwinnett County, Georgia. PE may be served through its registered agent for service of process, Waheed Malik, DDS, MS, at 4132 Steve Reynolds Boulevard., Norcross, Gwinnett County, Georgia 30093. This Court has personal jurisdiction and venue over PE.

1

3.

Defendant Waheed Malik, DDS, MS is an individual resident of the state of Georgia who may be served wherever he may be found. This Court has personal jurisdiction and venue over Waheed Malik, DDS, MS.

4.

This action asserts claims that arose substantially in Gwinnett County, Georgia.

5.

This Court has subject matter jurisdiction over this dispute.

6.

Defendants are an employer and an enterprise engaged in commerce as defined by the Fair Labor Standards Act, 29 USC §201 *et seq*. ("FLSA").

7.

Plaintiff is properly classified as an employee of the Defendants pursuant to the FLSA.

**ALLEGATIONS COMMON TO ALL CLAIMS**

8.

Plaintiff is a dentist licensed to practice in the state of Georgia, with specialized training as an endodontist. At all times relevant, Plaintiff worked for Defendants as an endodontist in Gwinnett County, Georgia.

9.

Plaintiff began working for Defendants in 2014. Plaintiff's initial duties for Defendants were limited to the performance of root canals and related dental procedures.

**10.**

Plaintiff was initially paid for her services as an endodontist at the rate of 45% of Defendants' revenues from the procedures Plaintiff performed. This payment was made to Plaintiff's company, Vertex Endodontics, PC. ("Vertex").

**11.**

Defendants characterized Plaintiff's services as an endodontist as those of an independent contractor. Defendants did not withhold any taxes and did not pay any employment taxes associated with its payments to Vertex for Plaintiff's services as an endodontist.

**12.**

When Plaintiff was hired by the Defendants in 2014, Defendants already employed an experienced male endodontist who was paid 50% of Defendants' revenues from the procedures that he performed. Defendants allowed Plaintiff to assume that the 5% pay differential between Plaintiff and the other endodontist was attributable to the other endodontist's greater level of experience.

**13.**

Defendants had a single location for their endodontics practice when Plaintiff joined Defendants. In or about 2016, Defendants opened a second location.

**14.**

Once Defendants opened a second location, Plaintiff began providing nearly all of her endodontics services at Defendants' second location.

**15.**

During 2016 to mid-2020, Plaintiff was the only doctor providing patient care at Defendants' second location.

**16.**

After Plaintiff relocated to Defendants' second location, Plaintiff continued to be compensated at the rate of 45% of Defendants' revenues from the procedures Plaintiff performed, despite Plaintiff's increased level of experience and despite the fact that Plaintiff was the only doctor providing patient care at the Defendants' second location.

**17.**

Defendants' other endodontist, who remained at Defendants' first location, continued to be paid at the rate of 50% of Defendants' revenues from the procedures that endodontist performed. Defendants continued to allow Plaintiff to assume that the 5% pay differential between Plaintiff and the other endodontist was attributable to the other endodontist's greater level of experience.

**18.**

Payment for Plaintiff's services provided at Defendants' second location continued to be made to Plaintiff's company, Vertex Endodontics, PC. Defendants continued to characterize Plaintiff's services as an endodontist as those of an independent contractor. Defendants continued to fail to withhold taxes and continued to fail to pay any employment taxes associated with its payments for Plaintiff's services as an endodontist.

**19.**

At all times from 2014 to the present, Defendants controlled Plaintiff's location of work; controlled the hours during which Plaintiff's services could be performed; provided

4

the tools and other equipment that Plaintiff used to perform her duties for Defendants; and set the billing rates that were charged for Plaintiff's services.

**20.**

In mid-2020, Defendants hired a second endodontist for the location at which Plaintiff had been the sole doctor for the past four years. The newly-hired endodontist, who is male, had graduated from the same residency program as Plaintiff, six years later than Plaintiff. Thus, this newly-hired endodontist had less experience than the Plaintiff as an endodontist. Defendants paid this newly-hired, less experienced, male endodontist 50% of Defendants' revenues from the procedures that he performed.

**21.**

The Defendants' second location had no existing patient base or referral base when it opened. Plaintiff developed a referral base by engaging in networking activities with other dental professionals in Gwinnett County. Defendants reimbursed Plaintiff's networking expenses but did not compensate Plaintiff for the time she devoted to networking activities.

**22.**

The less-experienced, male endodontist whom Defendants hired in 2020 had no networking responsibilities for Defendants.

**23.**

Root canals are often provided on an emergency basis. If a patient requires a root canal, a referring dentist will often refer the work to the first endodontist in his or her referral network who is available to provide the services. To ensure that these sorts of emergency referrals could be accepted – and thereby build the second location's practice –

5

Plaintiff frequently spent time at the Defendants' second location with an empty schedule while waiting for referrals. Because Plaintiff's only source of compensation was 45% of the Defendants' revenues for services she actually performed for patients, Plaintiff was never compensated for the hours she spent at Defendants' second location awaiting patients.

24.

As the only doctor providing patient care at Defendants' second location from 2016 to mid-2020, Plaintiff was forced to assume administrative and human resources responsibilities for the practice because Defendants failed to perform those essential responsibilities or provide anyone else to perform those essential responsibilities. Plaintiff has not been compensated for the hours she spent performing essential administrative and human resources responsibilities for the Defendants.

25.

Plaintiff performed additional duties for the Defendants for which she has never been compensated.

26.

Complex root canals, known as retreatments, are generally billed at the same rate as a more routine root canal, but they require greater skill and more professional time than a routine root canal. Beginning in mid-2020 and continuing until January 2021, Defendants' newly-hired, less experienced male endodontist lacked the necessary skills and experience to efficiently and calmly perform retreatments. For approximately nine months, Defendants' scheduling staff assigned Plaintiff, as the doctor in charge of the Defendants' second practice location, nearly all of the retreatments that were performed at

6

that location. During those dates, Plaintiff was unable to accept as many cases as she could have accepted had she not had to accept all of the more time-consuming retreatments. During those dates, the other, less experienced male endodontist, was able to accept a higher number of cases because he had been relieved of responsibility for time-consuming retreatments.

**27.**

Plaintiff was not compensated extra for performing retreatments, even though the time-consuming nature of retreatments meant that she was unable to perform as many procedures as she would have been able to perform had she not been responsible for all of the retreatments at the Defendants' second location. As a result, Plaintiff's compensation was reduced even though she was devoting the same amount of time to her professional services as she had devoted previously.

**28.**

During the dates that the less experienced male endodontist was relieved of performing retreatments, his compensation was not reduced despite his lack of necessary skills to perform retreatments. Instead, his compensation increased because he had time to perform more procedures.

**29.**

The less experienced, male endodontist had no empty schedule and few administrative or human resources responsibilities, such that he was compensated for all of the services he provided to the Defendants while Plaintiff was not compensated for all for the services she provided to the Defendants.

**COUNT I**

7

**FAIR LABOR STANDARDS ACT**

**30.**

Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1-29 of this Complaint.

**31.**

Defendants have failed to pay Plaintiff for all hours worked by her, in violation of the FLSA.

**32.**

Plaintiff is entitled to payment by the Defendant for all hours worked by her.

**33.**

Defendants' failure to pay Plaintiff for all hours worked was willful, which satisfies all criteria for doubling of Plaintiff's damages as a penalty under the FLSA

**34.**

Plaintiff is entitled to an award of attorney's fees under the FLSA.

**WHEREFORE**, Plaintiff Sara Khan prays for Judgment against Defendants under Count I as follows:

a. Unpaid wages in an amount to be determined at trial;

b. Double damages as a penalty;

c. Attorney's fees and litigation expenses as to this Count; and

d. Such other and further relief as the Court deems appropriate.

**COUNT II**

**EQUAL PAY ACT**

**35.**

Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1-29 of this Complaint.

**36.**

Defendant has failed to pay the Plaintiff equally for equal work performed, in violation of the Equal Pay Act, 29 USC §206(d) ("EPA").

**37.**

Plaintiff is entitled to payment by the Defendant in an amount equal to the difference between the pay provided to male employees and the pay provided to Plaintiff for the same services.

**38.**

Defendants' violation of the EPA was willful, which satisfies all criteria for doubling of Plaintiff's damages as a penalty under the EPA.

**39.**

Plaintiff is entitled to an award of attorney's fees and the costs of this action under the EPA.

**WHEREFORE**, Plaintiff Sara Khan prays for Judgment against Defendants under Count II as follows:

a. Unpaid wages in an amount to be determined at trial;

b. Double damages as a penalty;

c. Attorney's fees and litigation expenses as to this Count; and

d. Such other and further relief as the Court deems appropriate.

**COUNT III**

**RETALIATION**

9

**40.**

Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1-29 of this Complaint.

**41.**

Plaintiff has asserted federally protected rights under the FLSA and the EPA

**42.**

Defendants have responded to Plaintiff's assertion of her federally protected rights by taking adverse action against the Plaintiff, including but not limited to materially altering her terms and conditions of employment and denying her access to Defendants' offices.

**43.**

Defendants' adverse actions against Plaintiff have caused the Plaintiff harm.

**44.**

Plaintiff is entitled to damages arising from the Defendants' retaliatory actions.

**45.**

Defendants' retaliatory conduct satisfies all criteria for doubling of Plaintiff's damages as a penalty under the FLSA and the EPA.

**46.**

Plaintiff is entitled to an award of attorney's fees and the costs of this action under the FLSA and the EPA.

**WHEREFORE**, Plaintiff Sara Khan prays for Judgment against Defendants under Count III as follows:

a. damages in an amount to be determined at trial;

b. Double damages as a penalty;

c. Attorney's fees and litigation expenses as to this Count; and

d. Such other and further relief as the Court deems appropriate.

## COUNT IV

## QUANTUM MERUIT

**47.**

Plaintiff incorporates herein by reference the allegations set forth in Paragraphs 1-29 of this Complaint.

**48.**

Plaintiff provided Defendants with the benefit of her services, including but not limited to networking, performing human resources duties, performing administrative duties, and decorating Defendants' second location (the "Non-Professional Services").

**49.**

Defendants accepted Plaintiff's Non-Professional Services and have benefited financially therefrom.

**50.**

Defendants have failed to compensate the Plaintiff for any of the Non-Professional Services she provided.

**51.**

Plaintiff is entitled to compensation under a *quantum meruit* theory for the value of the Non-Professional Services she provided to Defendants.

**WHEREFORE**, Plaintiff Sara Khan prays for Judgment against Defendants under Count III as follows:

a. *Quantum meruit* damages in an amount to be determined at trial; and

b. Such other and further relief as the Court deems appropriate.

**PLAINTIFF SARA KHAN PRAYS FOR TRIAL BY A TWELVE-PERSON JURY.**

    Respectfully submitted,

    **THE MYER LAW FIRM**
    Attorney for Plaintiff Sara Khan, DMD

    */s/ Mari L. Myer*
    MARI L. MYER
    Georgia Bar No. 533020

125 East Trinity Place, Suite 308
Decatur, Georgia  30030
404-601-4125
Email mmyer@myerlawatlanta.com

12

Case 1:21-cv-03191-CAP-JSA   Document 1-1   Filed 08/06/21   Page 16 of 17

E-FILED IN OFFICE - AI
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**21-A-05293-10**
**7/12/2021 5:19 PM**
**TIANA P. GARNER, CLERK**

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| SARA KHAN, DMD,<br><br>    Plaintiff,<br>v.<br><br>PROGRESSIVE ENDODONTICS GA, PC and WAHEED MALIK, DDS, MS,<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 21-A-05293-10 |

### DEFENDANTS' ACKNOWLEDGMENT OF SERVICE

COMES NOW, the undersigned counsel, on behalf of Defendants Progressive Endodontics GA, PC and Waheed Malik, DDS, MS, in the above-styled case, and hereby acknowledges service of the Complaint filed in this action. No further or other service of process is required or necessary. All defenses, other than those regarding service, are preserved. Defendants' answer and/or responsive pleadings to the Complaint will be due 30 days from the date of this acknowledgement.

Respectfully jointly submitted this 12th day of July, 2021.

| | |
|---|---|
| **THE MYER LAW FIRM** | **FREEMAN MATHIS & GARY, LLP** |
| */s/ Mari L. Myer *<br>Mari L. Myer<br>Georgia Bar No. 533020<br>mmyer@myerlawatlanta.com<br>* *Signed by Michael M. Hill w/ express permission*<br>125 East Trinity Place, Suite 308<br>Decatur, GA 30030<br>(404) 601-4125 (telephone)<br><br>*Counsel for Plaintiff*<br>*Sara Khan, DDS* | */s/ Michael M. Hill*<br>Michael M. Hill<br>Georgia Bar No. 770486<br>mhill@fmglaw.com<br>100 Galleria Parkway<br>Suite 1600<br>Atlanta, GA 30339<br>(770) 818-0000 (telephone)<br><br>*Counsel for Defendants*<br>*Progressive Endodontics GA, PC and*<br>*Waheed Malik, DDS, MS* |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS' ACKNOWLEDGMENT OF SERVICE** to the Clerk of Court using the Odyssey eFileGA system which will automatically send electronic mail notification of such filing to the following counsel of record:

> Mari L. Myer
> THE MYER LAW FIRM
> 125 East Trinity Place, Suite 308
> Decatur, GA 30030

This 12th day of July, 2021.

> */s/ Michael M. Hill*
> Michael M. Hill
> Georgia Bar No. 770486
> mhill@fmglaw.com
>
> *Counsel for Defendants*
> *Progressive Endodontics GA, PC and*
> *Waheed Malik, DDS, MS*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)